UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., ) ) ) Plaintiffs, ) ) vs. ) ) INTERSTATE TRENCHING AND ) EXCAVATING, LLC ) Defendant. ) | No. 4:11-CV-1244 (CEJ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for an order of accounting, following entry of default against defendant Interstate Trenching and Excavating, LLC. Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974, as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132. Plaintiffs are four employee benefit plans (the Welfare, Pension, Vacation, and Training trusts), their trustees, the Local Union Nos. 42-53-110, and the Laborers International Union of North America AFL-CIO (the union). They seek an order compelling defendant to submit to an audit for the period of November 2010, to the present.

According to the affidavit of Bernard Difani, an administrative manager for the plans, defendant failed to make timely contributions to the plans as required by the collective bargaining agreement entered into on March 1, 2009. Defendant was served with the summons and complaint on July 19, 2011, and has not filed an answer or otherwise appeared in this matter. The Clerk of Court has entered default against the defendant.

Plaintiffs have moved, pursuant to Fed. R. Civ. P. 55(b)(2), for an order compelling defendant to submit to an audit for the purposes of determining the amount of damages. Plaintiffs have established that defendant is bound by the terms of a collective bargaining agreement with the union. The agreement requires that defendant submit contributions to the funds and authorizes plaintiffs to examine the financial records to ascertain whether the required contributions were made. The only means by which plaintiffs can determine the amount owed is through such financial compliance examination.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for a default order to compel an accounting [#5] is **granted**.

**IT IS FURTHER ORDERED** that defendant Interstate Trenching and Excavating, LLC, shall, no later than **October 27, 2011**, produce for inspection by plaintiffs, or plaintiffs' designated accountant, all payroll registers and other documents reflecting or pertaining to all hours worked by, and wages paid to, employees of Interstate Trenching and Excavating, from November 2010, to the present.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of October, 2011.