UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:11-CV-1244 (CEJ) |
| INTERSTATE TRENCHING AND EXCAVATING, LLC., | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion for leave to file an answer out of time. Plaintiffs oppose the motion, and the issues are fully briefed.

### I. Background

This is an action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974, as amended, 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act (ERISA) of 1974, as amended, 29 U.S.C. § 1132.  Defendant was served with the summons and complaint on July 19, 2011, but did not file an answer or otherwise appear.  On September 12, 2011, the plaintiffs requested an entry of default against defendant and a default order of accounting.  The Clerk of Court entered default on September 13, 2011, and on October 7, 2011, the Court issued a default order to compel accounting. Defendant submitted to an audit, and plaintiff moved for default judgment on October 9, 2012.  Finally, on October 11, 2012 defendant appeared through counsel, and moved to file an answer out of time.

## II. Legal Standard

While there is a "judicial preference for adjudication on the merits," <u>Obserstar v. F.D.I.C.</u>, 987 F.2d 494, 504 (8th Cir. 1993), an entry of default under Rule 55(a) may be set aside only for "good cause." Fed.R.Civ.P. 55(c). To find "good cause," courts may require "a showing of an appropriate excuse or explanation for the default, the existence of a meritorious defense to the action, and an absence of any substantial prejudice to the party not in default." 10 Wright, Miller & Kane, <u>Fed. Practice & Procedure</u> §2692 (3d ed.); <u>Stephenson v. El-Batrawi</u>, 524 F.3d 907, 913 (8th Cir. 2008) ("When examining whether good cause exists, the district court should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.'") (quoting <u>Johnson v. Dayton Elec. Mfg. Co.</u>, 140 F.3d 781, 784 (8th Cir. 1998).

These three factors are considered when setting aside either an entry of default or a default judgment. However, a lesser showing is required to set aside an entry of default. <u>Fed. Practice & Procedure</u> §2692; <u>Johnson v. Dayton Elec. Mfg. Co.</u>, 140 F.3d 781, 783-84 (8th Cir. 1998) (explaining the basis of this distinction between entry of default and default judgment: "it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the cause on the merits.").

## III. Discussion

Defendant submitted a five paragraph motion to file an answer out of time, explaining that defendant's failure to file an answer was a product of "excusable neglect." Defendant states that because the parties were conducting settlement

discussions, defendant did not file an answer. Defendant states in a conclusory manner that plaintiffs have not been prejudiced by the delay. Finally, defendant makes no mention of any meritorious defense.

Defendant seeks to set aside an entry of default, which typically requires a lesser showing than a motion to set aside default judgment. However, in this case, the rationale for applying leniency, articulated in Johnson v. Dayton, does not apply. Id. The entry of default was entered more than one year ago, and the Court has already granted plaintiffs' motion for a default accounting order. It was not until after plaintiffs moved for default judgment and provided the Court with all the supporting documentation that defendant entered an appearance in this case. This is more than mere "excusable neglect," and is certainly more than "a 'marginal failure' to meet pleading or other deadlines." Id. at 784. Defendant's hope that settlement discussions would render an answer unnecessary might provide a legitimate excuse for some delay, but not to this extreme.

On the other hand, the Court rejects plaintiffs' theory of prejudice. Delay alone, without a showing of concrete harm to plaintiffs such as the loss of evidence or death of a witness, does not constitute prejudice. Plaintiffs rely upon the definition of prejudice as the subversion of "plaintiff's reliance on court-mandated time requirements and the integrity of the judicial system." Greater St. Louis Constr. Laborers Welfare Fund v. Metro. Abatement Co., No. 4:97-CV-1719, slip op. at 5 (E.D. Mo. March 5, 1998). The Eighth Circuit, however, has very clearly rejected this definition. See Stephenson v. El-Batrawi, 524 F.3d 907, 915 (8th Cir. 2008) (citing Johnson, 140 F.3d at 785). Delay and plaintiffs' disillusionment with the legal process do not rise to the level of prejudice.

Finally, defendant's motion does not allude to any meritorious defense.  Most courts require at least "a presentation of some factual basis for the supposedly meritorious defense."  <u>Fed. Practice & Procedure</u> §2697.  In this case, the only hint of a defense is found, not in defendant's motion, but in defendant's answer, in which a few formulaic affirmative defenses are raised.  This is insufficient to set aside an entry of default, especially considering the circumstances of this particular case.

### IV. Conclusion

Considering the culpability of defendant in its extreme delay, and the absence of any suggestion of a meritorious defense in defendant's motion, the Court concludes that there is not "good cause" to vacate the entry of default.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for leave to file answer out of time [Doc. #16] is **DENIED**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 16th day of November, 2012.