UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| INTERSTATE TRENCHING AND EXCAVATING, LLC., | ) ) ) |
| Defendant. | ) |

No. 4:11-CV-1244 (CEJ)

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for default judgment against defendant Interstate Trenching and Excavating, LLC, pursuant to Rule 55(b)(2), Fed.R.Civ.P.

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974 (LMRA), as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1132.  Plaintiffs are four employee benefit plans (the Pension, Welfare, Vacation and Training funds), their trustees (collectively, the plans), and Local Union Nos. 42, 53 and 110 of the Laborers International Union of North America (the Union).  Defendant Interstate Trenching and Excavating, LLC is an employer in an industry affecting commerce within the meaning of the LMRA and ERISA.  Plaintiffs allege that defendant failed to make timely contributions to the plans as required under the terms of a collective bargaining agreement.  In their motion, plaintiffs seek $40,828.72 in delinquent contributions, $8,119.17 in liquidated damages, and $992.33 in interest.  Plaintiffs additionally seek

$375.00 for the cost of a payroll examination, $3,352.00 in attorneys' fees, and $426.35 in court costs.

The summons and a copy of the complaint were served on defendant on July 19, 2011. Defendant did not file an answer or other responsive pleading and, on September 13, 2011, the Clerk of Court entered default against defendant. On October 7, 2011, the Court issued a default order to compel accounting, and defendant submitted to an audit. Plaintiff moved for default judgment on October 9, 2012. On October 11, 2012, defendant appeared through counsel and filed a motion for leave to file an answer out of time, which the Court denied.

## Discussion

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, interest, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2).

On August 11, 2009, defendant entered into an agreement to be bound by the terms of a collective bargaining agreement between the Site Improvement Association and the Union (the Site Agreement), from March 1, 2009 through February 28, 2014. [Doc. #13-6]. The collective bargaining agreement requires defendant to make contributions to the funds for each hour worked by employees covered by the agreement, and to submit monthly contribution forms. Id. at §§ 5.03 - 5.06. Failure to make timely contributions subjects defendant to liquidated damages equal to 20% of the unpaid contribution, interest, accounting costs, court costs, and attorney's fees. Id. at §§ 5.10 - 5.11.

Plaintiffs submit the affidavit of John Massa, an auditor with the accounting firm of Wolfe Nilges Nahorski, and an exhibit showing the results of a payroll audit for the period of August 10, 2009, through November 30, 2011.  This exhibit establishes that, for this period, defendant owes $21,813.26 in unreported contributions, $4,541.82 in liquidated damages, and $992.33 in interest.  Plaintiffs also submit the affidavit of Kevin Schell, the Administrative Manager of the Benefit Funds.  Mr. Schell states that, since the period covered by the audit, defendant failed to pay $19,015.46 in contributions and incurred $3,577.35 in additional liquidated damages.  These amounts are set forth in a discrepancy report attached to Mr. Schell's affidavit.

Based on the documentation and affidavits submitted by the plaintiffs, the Court finds that defendant Interstate Trenching and Excavating, LLC, was bound at all relevant times by a valid CBA and that it breached its obligations by failing to timely pay or report the required contributions.  Plaintiffs have established that Interstate Trenching and Excavating, LLC, is liable to them for a total of $40,828.72 in delinquent contributions, $8,119.17 in liquidated damages, and $992.33 in interest, for a total of $49,940.22.

Plaintiffs also submit the affidavit of attorney Matthew J. Gierse.  Mr. Gierse attests that his firm's standard hourly billing rates are $175.00 for partners' services, $165.00 for associates' services, $85.00 for paralegal services, and $65.00 for law clerk services.  In this case, a total of 21 hours was expended in connection with this matter for a total of $3,352.00 for legal services.  The Court finds that the hourly rates and hours expended are reasonable.  In addition, the firm paid $350.00 for the filing fee and $76.35 for service of process, for a total of $426.35.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment [Doc. #12] is **GRANTED**.

A separate judgment in accordance with this Memorandum and Order shall be entered this same date.

                                                             _____
                                                             CAROL E. JACKSON
                                                             UNITED STATES DISTRICT JUDGE

Dated this 25th day of January, 2013.